## St. Margaret Memorial Hospital *v.* Penna. Co. for Ins. on Lives & Granting Annuities, Appellant.

*Trusts and trustees—Equity jurisdiction.*

A testator devised real estate in trust to his "trustee and executors, hereinafter named." In a later clause in the will he named a trust company as "trustee and executor," and three individuals as "coexecutors." *Held,* that a court of equity had jurisdiction to enforce the trust.

*Will—Devise—Courses and distances—Streets.*

Where a description of land in a devise by will calls for a certain distance along a street to another street not opened or located at the time of testator's death, the call for the point on the unopened street will control the distance named in the will, although the excess is over one hundred feet.

Argued Oct. 30, 1893. Appeal, No. 188, Oct. T., 1893, by defendant, from decree of C. P. No. 1, Allegheny Co., March T., 1893, No. 395, for plaintiff, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Bill in equity for conveyance of land.

From the bill and answer it appeared that John H. Shoenberger died on Nov. 12, 1889, leaving a will which contained among others the following clauses:

"Thirteenth: I give, devise and bequeath to my trustee and executors hereinafter named, in trust, all that certain piece or parcel of land, situate, lying and being in the Seventeenth ward of the city of Pittsburgh, in the state of Pennsylvania, and which is bounded and described as follows: Beginning at the northwesterly corner of Forty-sixth street and Davidson street, running thence northwardly along a line of Davidson street towards the Allegheny cemetery, a distance of three hundred feet more or less to Forty-seventh street, thence westwardly at right angles with Davidson street towards Butler street three hundred and fifty feet, thence southwardly to Forty-sixth street in parallel line with Davidson street three hundred feet more or less, thence along Forty-sixth street three hundred and fifty feet to Davidson street, the place of beginning, being the easterly and upper end of an eight acre lot purchased by me from

the Allegheny cemetery corporation, to hold and convey the same as hereinafter directed for the erection and maintenance thereon of the necessary buildings for a protestant episcopal church hospital as a memorial to my deceased wife, which hospital shall forever be called and known as the ' St. Margaret Memorial Hospital.' "

" Twenty - first. I do hereby constitute and appoint the ' Pennsylvania Company for the Insurance on Lives and the Granting Annuities of the city of Philadelphia,' Pennsylvania, my trustee and executor, and my friends Andrew Long, Esq., now cashier of the Exchange National Bank of Pittsburgh, Pennsylvania, J. M. Brownson, Esq., now in the employment of Messrs. Shoenberger, Speir & Co., of Pittsburgh, Pennsylvania, and Anthony J. Antelo, Esq., of Philadelphia, Pennsylvania, as coexecutors of this my last will and testament for all that portion of my estate, real and personal, and effects and interests in the states of Pennsylvania, Ohio, Kentucky and Illinois and of any property that may be transferred to them upon the close of the administration of my estate in the state of New York by my Executors hereinbefore appointed by me for that state."

Defendants tendered to plaintiff, the devisee named in the will, a deed for the land, describing it as follows :

" All that certain lot or piece of land situate in the Seventeenth ward of the city of Pittsburgh, county of Allegheny and state of Pennsylvania, bounded and described as follows, to-wit : Beginning at the northeast corner of Forty-sixth and Davidson streets, and thence northeastwardly along said Davidson street three hundred feet to a point ; thence northwestwardly by a line at right angles with Davidson street towards Butler street three hundred and fifty feet ; thence southeastwardly by a line parallel with Davidson street three hundred feet to Forty-sixth street and thence along Forty-sixth street three hundred and fifty feet to the place of beginning."

The bill averred that from the time of the execution of the will to the present time Forty-seventh street had been opened only so far as Butler street, and had not been located or opened over the eight acre lot belonging to testator ; that the distance along Davidson street from Forty-sixth street to Forty-seventh street projected to Davidson street, over the eight acre lot, is

407.38 feet.   Plaintiffs claimed that they were entitled to all of the land between Forty-sixth street and Forty-seventh street projected over the lot.   An amended bill was filed from which it appeared that Davidson street had not been opened north of Forty-sixth street, and that said Davidson street projected over said eight acre lot will include a strip of said lot 28.50 feet wide along the east side of said lot.

Defendants' answer denied the jurisdiction of the court, and averred that plaintiff was entitled only to the land as described in the deed which had been tendered.

The case was heard on bill and answer, the court below filing the following opinion :

" It seems to me that the common pleas courts have concurrent jurisdiction with the orphans' court in the case presented by plaintiff's bill, and that, therefore, the objection to the jurisdiction taken by defendant is not well founded.   The trust is given to the executors and trustees ' nominatim,' and not ' virtute officii.'   The expression ' trustee and executors, hereinafter named,' is the same as saying ' my trustee and executor, The Pennsylvania Company for Insurance, and Andrew Long and Anthony J. Antello my executors,' and brings this case within the line of Brown's Appeal, 12 Pa. 333, and others cited by defendant's counsel.

" Upon the merits of the case, I think the will is to be interpreted as if Davidson street and Forty-seventh street had been laid out along the land specified in the thirteenth section of the will of Mr. Shoenberger, and that the line of the lot devised should be held to extend to where Forty-seventh street would run, if projected across Butler street and along this property. We think plaintiffs are entitled to the decree prayed for."

Decree entered accordingly.   Defendants appealed.

*Errors assigned* were (1) decree, quoting it ; (2) in not dismissing bill for want of jurisdiction.

*James H. Reed, P. C. Knox* with him, for appellants, cited : On the question of boundary, 3 Washburn, Real Property, § 631.   On the question of jurisdiction : Innes's Est., 4 Whart. 184 ; Brown's Ap., 12 Pa. 333 ; Seibert's Ap., 19 Pa. 53 ; Wapples' Ap., 74 Pa. 100 ; Erie Savings Bank v. Vincent, 105 Pa. 315.

*William R. Blair*, for appellee, not heard, cited: On the question of jurisdiction: Act of June 16, 1836, P. L. 682, § 15 ; Wheatly v. Badger, 7 Pa. 459; Johnson's Ap., 9 Pa. 413 ; Brown's Ap., 12 Pa. 333; Sibert's Ap., 19 Pa. 49 ; Jones's Ap., 3 Grant, 250; Wapples' Ap., 74 Pa. 100; Fidelity Co.'s Ap., 99 Pa. 443.   On the question of boundary : Postlethwait's Ap., 68 Pa. 447; Falls v. Reis, 74 Pa. 439.

PER CURIAM, November 13, 1893 :

The facts of this case sufficiently appeared in the amended bill and answer.   An examination of the record and consideration of the questions presented have led us to the conclusion that there is no error in the decree, and, for reasons briefly stated in opinion of the learned judge of the common pleas, it should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by defendants out of the funds of the estate.